Rafael Román López, Plaintiff and Appellant, *v.* Minerva
Figueroa García, etc., et al., Defendants and Appellees.

No. 10522.   Argued August 26, 1952.—Decided October 6, 1952.

*H. Ramos Mimoso* for appellant. *E. Pérez Casalduc* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On May 17, 1948, and in the former District Court of Arecibo, Rafael Román López filed a complaint in an action of "Revendication, Accession, and Damages" against Minerva Figueroa García, her husband Ramón Abréu, and their minor children. In his first cause of action he alleged, in brief, that he and the defendants are adjacent land-owners; that over one year ago the defendants proceeded to build a garage of reinforced concrete, bringing the construction beyond the boundaries of their own premises and invading his property along a rectangular strip of land, against his express will; that without any right or title the defendants use and retain the material possession of the aforesaid strip in bad faith and knowing that they were building on another's land; and that considering that it spoils his lot, the strip is worth approximately $600. In the second he reproduced the allegations of the first and alleged "that exclusively due to the defendants' refusal to remove what was built on the aforesaid strip of land and to give him back the free possession thereof, the plaintiff has suffered damages amounting to $2,000, for which he has received no compensation, neither in whole nor in part, from the defendants nor from any other person." [1] The case was heard on its merits and the court *a quo* entered judgment declaring itself "without jurisdiction, consequently dismissing the complaint, with costs to the plaintiff and $300 as attorney's fees." Reconsideration was timely prayed for and the court entered an order that textually copied reads:

"The plaintiff moved for reconsideration of the judgment rendered herein, mainly on the ground that in addition to the revendicatory action, the plaintiff brought an action for damages

---

[1] Although the complaint is entitled as indicated above, it contains no allegation as to accession.

in the amount of $2,000 and that even though the parcel of land involved in the revendicatory action may be worth less than $500.00, in order that the District Court may have jurisdiction the claim for damages is sufficient to cure that defect and to vest the court with jurisdiction. Setting aside plaintiff's interpretation of Supreme Court decisions regarding the amount of the damages claimed, it is an evident fact that there has been no evidence here on which this Court may rest to award plaintiff a specific amount as damages.

"As to the allegation that the plaintiff suffered damages when a deal concerning the sale of the property involved in the instant case fell through, no evidence has been introduced to determine the damages suffered, that is, the stipulated value of the sale and the value for which he was compelled to sell the property. Therefore, reconsideration is denied."

The plaintiff claims on appeal that the trial court erred: (1) in refusing jurisdiction; and (2) in ordering him to pay fees and fixing same in an excessive and disproportionate amount.

When the complaint in this case was filed, the former district courts could only take cognizance of cases in which the value of the thing in controversy exceeded $500.[2] Although the plaintiff admits that the value of the strip in question is less than that amount and that had this been merely a revendicatory action said court would not have had jurisdiction to take cognizance of the case, he insists, nevertheless, that, since it is specifically alleged in the complaint that due to the defendants' conduct the plaintiff suffered damages amounting to $2,000, the court *a quo* anyhow erred in refusing jurisdiction.

It is true that in revendicatory actions the jurisdiction of the court depended, not on the alleged value of the property, but on the amount fixed by the court in its judgment. *Donato v. Cruz*, 59 P.R.R. 535. But in ordinary actions the

[2] The situation has changed, first, by virtue of § 28 of Act No. 432 of 1950, and later, pursuant to subdivision 5 of § 13 of Act No. 11 of July 24, 1952.

amount claimed in the complaint, and not the amount of the judgment, was what determined the jurisdiction of the Court. *Cerra* v. *Motta*, 70 P.R.R. 822; *Branizar* v. *Méndez*, 68 P.R.R. 748; *Benítez* v. *Benítez*, 64 P.R.R. 720; *Jiménez* v. *Colón*, 62 P.R.R. 876; *Nazario* v. *Muñiz*, 54 P.R.R. 49; *Horace Waters & Co.* v. *Claboguera*, 42 P.R.R. 911; *Succrs. of P. Millón & Co.* v. *Caamaño et al.*, 38 P.R.R. 174. Consequently, since damages in the amount of $2,000 were claimed, the court clearly had jurisdiction, notwithstanding its conclusion that such claim did not lie. This fact remains, even if it could not take cognizance of the revendicatory action separately, inasmuch as both causes of action have been joined.

■ However, after reading together "the opinion and judgment" and the "order" rendered in reconsideration, we do not have the slightest doubt that what the trial court did was not fundamentally to refuse jurisdiction but, on the contrary, to assume it and, thereby, to dismiss the complaint. We shall see: the court says in the ninth paragraph of the opinion that "the plaintiff failed to prove here that the strip of land sought to be revendicated is worth over $500." In the tenth paragraph thereof it points out that "the allegation contained in the ninth averment of the complaint that . . . said strip is worth approximately $600 has not been proved." And in the twelfth paragraph that "the damages amounting to $2,000 alleged in the second cause of action are not supported by any evidence whatsoever. That is, the actual and positive existence of such damages was not proved, . . ." It ends the opinion saying that "for the reasons stated the court is compelled to declare itself without jurisdiction, consequently dismissing the complaint, with costs to the plaintiff and $300 as attorney's fees." On the other hand, in the order entered on motion for reconsideration, as noted, it states that ". . . no evidence has been introduced to determine the damages suffered, that is, the stipulated value of the sale and the value for which he was

compelled to sell the property." All this makes us conclude that the case was in fact decided on its merits, although, as we shall see, not in its entirety. Therefore, the lower court erred in holding that it was compelled to declare itself without jurisdiction. If it intended merely to refuse jurisdiction, it should not have decided the case on its merits. At that time when a court concluded that it lacked jurisdiction to take cognizance of a case, it could merely say so, without entertaining the action. *P. R. Housing Authority* v. *Sagastivelza*, 71 P.R.R. 406 and cases cited at p. 409.[3] That error, however, is not reversible since the court took cognizance of the case and decided it on its merits. *Ex parte Montalvo*, 70 P.R.R. 437, 443.

█ Be it as it may, inasmuch as upon taking cognizance of the case the court *a quo* did not pass upon the revendication alleged in the first cause of action of the complaint, we are compelled to reverse the judgment appealed from and to remand the case for said court to determine whether in accordance with the evidence it heard revendication of the strip in controversy lies [4] and hence, as a sequel of said main action, the damages claimed in the second cause of action.[5]

---

[3] We say that because the issue of jurisdiction is at present obviated by § 10 of Act No. 11 of July 24, 1952, which provides:

"The Court of First Instance is a court of original general jurisdiction with power to act in the name and by the authority of the Commonwealth of Puerto Rico in all civil and criminal proceedings as hereinafter provided. Every civil or criminal action shall be filed in the part of the court held at the place where it should have been filed under the legislation heretofore in force; but no cause shall fail on the ground that it has been submitted to a division without jurisdiction of authority or to a part of the court of improper venue. Every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court."

[4] See *Pérez* v. *Rubert Hnos., Inc.*, 56 P.R.R. 608; *Travieso* v. *McCormick*, 54 P.R.R. 312; *Monje* v. *Osorio*, 42 P.R.R. 141; *Gay* v. *Vega et al.*, 39 P.R.R. 584; *Amy et al.* v. *Amy et al.*, 15 P.R.R. 387; *Verges et al* v. *Pietry et al.*, 9 P.R.R. 20.

[5] See *Rosso* v. *Rosso*, 23 P.R.R. 122.

Given the foregoing conclusion, we need not consider the second error assigned.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings consistent with this opinion.

Mr. Chief Justice Todd, Jr., did not participate herein.